NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GOROSTIETA, as a personal representative of the Estate of Jesus Orduno Luviano, <br><br> Plaintiff-Appellant, <br><br> and <br><br> ALEXANDRA GABRIELA ORDUNO, <br><br> Plaintiff, <br><br> v. <br><br> T. HENDRIX, CHP Officer; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> CASEY J. FARWICK, CHP Officer; et al., <br><br> Defendants. | No.   19-55030 <br><br> D.C. No. 5:16-cv-02288-DOC-JDE <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 4, 2020
Pasadena, California

Before:  OWENS and BADE, Circuit Judges, and MOSKOWITZ,*** District Judge.

Plaintiff Jose Gorostieta appeals from the district court's grant of summary judgment in this 42 U.S.C. § 1983 action alleging that Officers Hendrix, Fakih, Milien, Chavez, and Cerna (Defendants) used excessive force when they fatally shot Jesus Zuriel Orduno Luviano.  Gorostieta brings a Fourth Amendment claim on behalf of Luviano's estate for excessive force, and a Fourteenth Amendment claim based on the deprivation of Luviano's companionship and society.  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court properly granted summary judgment on Gorostieta's Fourth Amendment claim.  To determine whether an officer is entitled to qualified immunity, we ask "(1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. by & through Villegas v. City of Anaheim*, 823 F.3d

---

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***      The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

1252, 1255 (9th Cir. 2016) (internal quotation marks and citations omitted). We may exercise our discretion to decide either prong first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). We begin with the second.

Under the second prong of the qualified immunity test, Defendants are entitled to judgment as a matter of law because they did not violate clearly established Fourth Amendment law existing "at the time of the conduct." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (internal quotation marks and citation omitted). As of November 2, 2014, it was not clearly established that using deadly force in this situation would constitute excessive force, even when viewing the facts in the light most favorable to Gorostieta. Because no existing precedent "squarely governs" the facts of this case, Defendants are entitled to qualified immunity. *Id.* at 1153.

2.     The district court also properly granted summary judgment on Gorostieta's Fourteenth Amendment claim. A plaintiff bringing a familial association claim must show that a government official's conduct "shocks the conscience." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (internal quotation marks and citation omitted). When an officer "makes a snap judgment because of an escalating situation, his conduct may be found to shock the conscience only if he acts with a purpose to harm unrelated to legitimate law

3

enforcement objectives." *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1230 (9th Cir. 2013) (citing *Wilkinson*, 610 F.3d at 554).

Gorostieta argues the deliberate indifference standard applies because "actual deliberation [wa]s practical." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998). The undisputed evidence shows that Defendants faced an escalating situation and had to make snap judgments to protect their safety, especially once Luviano raised his shotgun into the air. Thus, the purpose to harm standard applies. Gorostieta concedes he cannot meet this heightened standard, so the district court properly granted summary judgment.

**AFFIRMED.**